**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5142**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

DENNIS EUGENE ROSS, a/k/a Doorknob,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. G. Ross Anderson, Jr., District Judge. (7:07-cr-00401-GRA-1)

Submitted: July 17, 2008         Decided: August 14, 2008

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Eugene Ross pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (2000), and the district court sentenced him to 180 months in prison and five years of supervised release. On appeal, Ross's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in her opinion, there are no meritorious grounds for appeal but raising the issues of whether the district court complied with Fed. R. Crim. P. 11 when it accepted Ross's guilty plea, and whether the district court committed plain error in sentencing him to 180 months in prison. Ross was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

Appellate counsel first questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Ross's guilty plea, but she alleges no error by the district court and concludes the court fully complied with the rule. Because Ross did not move in the district court to withdraw his guilty plea, we review any challenge to the adequacy of the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). We have reviewed the record and find no plain error in the district court's acceptance of Ross's guilty plea.

Appellate counsel next questions whether the district court committed plain error in sentencing Ross to serve 180 months

in prison, but she alleges no error and concludes the district court did not err and his sentence is not unreasonable.

We review Ross's sentence for abuse of discretion. <u>See Gall v. United States</u>, 128 S. Ct. 586, 590 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range. <u>United States v. Osborne</u>, 514 F.3d 377, 387 (4th Cir.), <u>cert. denied</u>, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. <u>Gall</u>, 128 S. Ct. at 597. We presume that a sentence within a properly calculated guideline range is reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007) (upholding our presumption).

In sentencing, the district court should first calculate the guideline range and give the parties an opportunity to argue for the sentence they deem appropriate. <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007). The court should then consider the 18 U.S.C. § 3553(a) (2000) factors to determine whether they support the sentence requested by either party. <u>Id.</u> While a district court must consider the statutory factors and explain its sentence, it need not discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated guideline range. <u>United States v. Johnson</u>, 445 F.3d

339, 345 (4th Cir. 2006). "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita, 127 S. Ct. at 2468.

We have reviewed the record and find Ross's sentence is procedurally and substantively reasonable, and the district court did not err or abuse its discretion in imposing the sentence. First, the district court properly calculated Ross's guideline range. Because Ross had three or more prior convictions for a violent felony and/or serious drug offense, his offense level under U.S. Sentencing Guidelines Manual § 4B1.4 (2006) was thirty-three before his three-level reduction for acceptance of responsibility. With a criminal history category VI and the fifteen-year mandatory minimum under 18 U.S.C. § 924(e), Ross's advisory guideline range was 180 to 210 months in prison followed by three to five years of supervised release. After considering the guidelines as advisory and the factors under 18 U.S.C. § 3553(a), the district court reasonably determined a sentence of 180 months in prison and five years of supervised release was appropriate.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed,

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED